### SHILLING v. BRANIFF.

[No. 3,283.    Filed December 14, 1900.]

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Mortgages.—Instructions not Applicable to Evidence.*—An insolvent debtor executed a mortgage on real estate to defendant to secure plaintiff and other creditors whom he wished to prefer, defendant giving due bills to each of the creditors so secured as a memorandum of claim. The next day the debtor made a general assignment for the benefit of creditors, and the assignee, pursuant to an order of court, sold and conveyed the land to defendant. Defendant paid off prior liens, and settled with all of the other creditors, except plaintiff, who refused to accept less than the full amount of his claim and brought suit on the due bill given him by defendant. *Held,* that the court erred in instructing the jury that if they believed that defendant accepted a deed to the land assuming the encumbrances thereon he would be liable for the full amount of plaintiff's debt, where the deed is not in evidence, and there is no evidence that it contained any stipulation for the assumption of the encumbrances by the grantee.

From the Clark Circuit Court.    *Reversed.*

*G. H. Voight,* for appellant.

*J. W. Fortune,* for appellee.

BLACK, J.—This was an action on a due bill executed by the appellant to the appellee.    Issues were formed upon va-

Shilling v. Braniff.

rious paragraphs of answer in bar and an answer of set-off, and upon trial by jury a general verdict was returned in favor of the appellee for the amount of the due bill, less the amount of the set-off, the appellee in his testimony on the trial having admitted his indebtedness to the appellant in the amount claimed by the latter as a set-off. The appellant's motion for a new trial was overruled, and this is assigned as error.

There was evidence to the effect that one James Colvin, who was insolvent, owned personal property worth about $150 and a certain farm estimated to be worth about $1,000, the farm being encumbered by a school fund mortgage for $300 and a judgment in favor of one John D. Sharp for $290. Said Colvin executed another mortgage to the appellant as a trustee, to secure twelve of his creditors whom he wished to prefer, to whom he owed in the aggregate $700, the appellant giving due bills to each of the creditors so secured as memoranda of the amount of Colvin's indebtedness to each, the due bill in suit for $120.70 being one of them. It did not appear that there was any agreement to release Colvin from his indebtedness to the creditors so secured. The next day after the execution of the last mentioned mortgage, Colvin made a general assignment for the benefit of his creditors to one James E. English, who as such assignee, pursuant to order of court, sold said farm at public auction, and the appellant having bid the sum of $950 for the farm free of encumbrances, and this being the highest bid, the assignee under order of court conveyed the farm to the appellant subject to encumbrances, no money being received therefor by the assignee. The appellant afterward paid off the school fund mortgage and the judgment above mentioned, and settled with all the preferred creditors, except the appellee, paying to each a *pro rata* portion of his claim upon the assumption that the farm was worth only $950, the amount so bid therefor by the appellant, and that the preferred creditors were entitled to a *pro rata*

division among them of that amount less the amount of the prior encumbrances so paid off by the appellant. The appellee had refused to settle on such basis and claimed the full amount of the due bill so issued to him by the appellant as trustee.

The court in its instructions, referring to the deed executed under order of court by said assignee to the appellant, stated, that if the jury believed from the evidence that the appellant accepted a deed from said assignee for certain land and the deed recited that the appellant assumed the payment of the encumbrances on the land, and the appellant held a mortgage on the land which was executed to secure appellee's debt, the appellant would be liable for the full amount of appellee's debt; that when a person buys land and assumes the encumbrances thereon as a part of the consideration he becomes individually liable for the payment of such encumbrances; also, that if the appellant accepted a deed from said assignee for the land described in the trust mortgage made to the appellant to secure the appellee's claim, and assumed the encumbrances, according to the recitals of the deed, the jury should find for the appellee the full amount of his due bill with interest from the date of demand, subject to any proper set-off due the appellant.

These instructions were not applicable to the evidence set out in the bill of exceptions as all the evidence given on the trial. The deed executed by the assignee to the appellant does not appear in evidence; all that is shown as to its contents appears to have been shown by parol evidence without objection, and there is no evidence whatever that it contained any stipulation for the assumption of encumbrances by the grantee, but the assignee testified that he was instructed by the court to convey the property to the appellant subject to the encumbrances, without receiving any money from him, and that the witness made a deed in accordance with the order of the court to the appellant.

There was no evidence in contradiction of this testimony. Thus the trial court seems to have misled the jury by submitting to them a question not within the evidence.

In other instructions the court appears to have intended to submit the case to the jury upon the theory of a conveyance by the assignee to the appellant subject to the encumbrances, and in this connection said that the appellant as a trustee, not having foreclosed the trust mortgage and sold the land at sheriff's sale, could not say what amount it would bring and could not be allowed to say it would not bring enough to pay the preferred claims in full, and he was not in a position to say the claims should not be paid in full. Such instruction was calculated to lead the jury to understand that under the circumstances supposed in the instruction the appellant would be liable to a recovery at law of the full amount of the claims secured by the trust mortgage. There is nothing in the case characterizing it as involving the question of fraud. While under the facts so assumed by the court in the instruction last above mentioned it would be true that the trustee should not be allowed arbitrarily to determine the value of the mortgaged property as between him and the preferred creditors, so, also, they should not be allowed to recover as at law the full amount of their claims, without regard to the value of the mortgaged property, but the remedy of the appellee under such facts would be in equity to enforce the execution of the trust by the methods of a court of equity.

Judgment reversed, and cause remanded for a new trial.